IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No.: 5:21-cv-377

| | |
|---|---|
| KRISTY ALLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **COMPLAINT** |
| ) | |
| AAA CAR CARE CENTERS, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

PLAINTIFF KRISTY ALLEN, by and through her counsel, brings this action against Defendant AAA CAR CARE CENTERS, LLC ("Defendant"), stating as follows:

## NATURE OF ACTION

1. Plaintiff Kristy Allen ("Plaintiff" or "Mrs. Allen") was the victim of repeated sexual harassment by her male co-worker, Glenn Drake, during her employment at the AAA Car Care facility in Wake Forest, North Carolina.

2. After Mrs. Allen reported the harassment to her supervisors, she learned that these same supervisors knew that Drake had sexually harassed several other female employees, all of whom had resigned their jobs rather than face Drake's ongoing mistreatment.

3. Despite knowing of Drake's propensity as a sexual harasser, Mrs. Allen's supervisors covered up his past behavior and required Mrs. Allen to work in close and regular proximity with him.

4. Mrs. Allen brings claims pursuant to the protections against sexual harassment and discrimination in employment provided by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§

1

2000e, *et seq.* (hereinafter "Title VII"). Mrs. Allen seeks herein to remedy the sexual harassment she suffered during her employment with Defendant.

## PARTIES

5. Plaintiff Kristy Allen is a female resident and citizen of Granville County, North Carolina. At the time of the allegations contained herein, she was an employee of Defendant AAA Car Care Centers, LLC.

6. At all times relevant to this Complaint, Mrs. Allen was an "employee" of Defendant as that term is defined by Title VII.

7. Defendant AAA Car Care Centers, LLC is a North Carolina limited liability corporation with its principal place of business in Charlotte, North Carolina.

8. Defendant AAA Car Care Centers, LLC regularly and systematically conducts business in the State of North Carolina.

9. Defendant AAA Car Care Centers, LLC employed more than 15 employees for each working day in more than 20 weeks during the preceding year.

10. At all times relevant to this Complaint, Defendant AAA Car Care Centers, LLC was an "employer" as that term is defined in Title VII.

## ADMINISTRATIVE HISTORY

11. Mrs. Allen has exhausted all administrative remedies available to her.

12. On August 5, 2021, Mrs. Allen filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). A true and accurate copy of the August 5, 2021 EEOC Charge is attached hereto as Exhibit A.

13. The EEOC issued a "Dismissal and Notice of Rights" to Mrs. Allen on August 20, 2021. A copy of the August 20, 2021 Dismissal and Notice of Rights letter is attached hereto as Exhibit B.

14. This Complaint is timely filed within 90 days from the date Mrs. Allen received her Dismissal and Notice of Rights from the EEOC.

## JURISDICTION AND VENUE

15. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343 because this action is based on sexual harassment in violation of Title VII.

16. At all times relevant to this action, Mrs. Allen was employed by Defendant in this judicial district, namely Wake County, North Carolina.

17. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3).

## FACTS

18. Mrs. Allen is a female who has been working in the automobile service industry since 1996.

19. In July of 2020, Mrs. Allen was hired as an Assistant Manager at the AAA Car Care facility in Wake Forest, North Carolina.

20. From the beginning of her employment with Defendant, she was an excellent and professional employee and received only positive feedback regarding her performance in that job.

21. On or about June 10, 2021, Mrs. Allen's co-worker, Glenn Drake ("Drake"), began sexually harassing her after he told her that he had dreamt of "fucking" her.

22. Over the next week, Drake propositioned Mrs. Allen repeatedly for sex, including sending Mrs. Allen sexually explicit text messages at all hours of the day, and making

3

inappropriate verbal comments and engaging in improper leering of Mrs. Allen throughout the day.

23. For example, on June 11, 2021, Drake asked Mrs. Allen "What is your favorite color"? With Drake sitting immediately next to her, Mrs. Allen verbally responded "Pink." Drake proceeded to send five images of bikinis with the color pink in them. Immediately thereafter, Drake texted Mrs. Allen that he "can see your ass crack…"

24. Three hours after those comments, Drake texted Mrs. Allen again saying:

> You have nice bo
> oots
> OK. What else do you have that's nice and the 1st letter is B
> You have a nice set of……eyes

Drake proceeded to text Mrs. Allen a series of 8 images with characters of bulging round eyes.

25. Mrs. Allen responded to Drake's messages by telling him in person that she was not interested in him sexually.

26. The following day, however, Drake continued to send Mrs. Allen offensive text messages, including a picture of a man's rear end. In sending that picture, Drake texted that Mrs. Allen's was "very impressive."

27. Once again, Mrs. Allen communicated her lack of interest in Drake, this time expressing her disgust, in addition to her discomfort, by texting "eeeeeeeewwwwwww."

28. Following this comment, Drake then approached Mrs. Allen – without her permission – and grabbed her belt loop and pulled up her pants.

29. Despite Mrs. Allen's continued insistence that she was not interested in Drake, the inappropriate behavior continued. Mrs. Allen, whose desk was permanently situated within five feet of Drake's, could not escape Drake's abuse.

4

30. Mrs. Allen reported Drake to Defendant's Human Resources Department on June 17, 2021.

31. Mrs. Allen, who was accustomed to being the only woman working in a male-dominated profession for more than 20 years, had never been the victim of workplace sexual harassment this severe before.

32. Following Mrs. Allen's report of Drake's conduct, her regional manager, Justin Lanterman, told her that he had been aware of how Drake created a hostile work environment for women and that he and the rest of Defendant's management had given Drake a "free pass" for his past behavior.

33. In fact, Drake's conduct targeting his female co-workers was well known throughout both the Wake Forest facility and its Eastern region.

34. Despite Drake's conduct being common knowledge amongst regional management, they took no action to stop it and, in fact, actively covered it up by failing to make the requisite reports to Defendant's national management.

35. In particular, prior to Mrs. Allen's employment, Defendant's regional management was aware of at least one female employee who resigned from her job with Defendant to escape Drake's harassment.

36. Upon information and belief, Defendant knew of other female employees who had also been victims of Drake's harassment.

37. Defendant took no action to stop Drake even after learning of his hostile behavior toward his female co-workers.

38. In fact, following Mrs. Allen's report of Drake's conduct, her store manager, Wayne Chase, told her that "I felt like this was my fault because I was the manager for [Glenn's victim] and Glenn when he did it the first time."

39. Even after Mrs. Allen's report of Drake's harassment, Defendant's management continued its efforts to cover up Drake's conduct.

40. Upon information and belief, Defendant's human resources investigation into Mrs. Allen's allegations uncovered no evidence of previous knowledge of Drake's conduct.

41. Defendant's findings were based almost entirely on lies submitted by Lanterman, who denied knowledge of the previous complaints.

42. Lanterman knew of previous complaints, as he had been the one to bring them to Mrs. Allen's attention.

## **COUNT I – DISCRIMINATION IN VIOLATION OF TITLE VII**

43. Mrs. Allen hereby realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

44. Mrs. Allen, a woman, is a member of a protected class.

45. Defendant has engaged in intentional gender discrimination in the terms and conditions of Mrs. Allen's employment, including, but not limited to, permitting discriminatory and harassing conduct by Mrs. Allen's co-workers because of Mrs. Allen's gender.

46. Defendant's conduct, as alleged herein, was carried out with reckless disregard for Mrs. Allen's right to be free from discrimination based on her gender.

47. Defendant's policies, practices, and conduct toward Mrs. Allen have had an unjustified and adverse impact on Mrs. Allen and constitutes gender discrimination in violation of Title VII.

48. As a direct and proximate result of Defendant's discriminatory conduct, Mrs. Allen suffered and continues to suffer economic losses, mental anguish, pain and suffering, and other nonpecuniary losses.

49. Defendant has engaged in discriminatory practices with malice and reckless indifference to Mrs. Allen federally protected rights, thereby entitling her to punitive damages.

50. Mrs. Allen is entitled to recover her reasonable attorneys' fees and costs.

## COUNT II – HOSTILE WORK ENVIRONMENT

51. Mrs. Allen hereby realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

52. Defendant had an affirmative duty to maintain a workplace that was free of harassment based on Mrs. Allen's gender.

53. As alleged above, Defendant's discriminatory conduct towards Mrs. Allen altered the terms of her employment with Defendant and, accordingly, constituted a hostile work environment for her.

54. As a direct and proximate result of the hostile work environment created, nurtured, and permitted by Defendant, Mrs. Allen suffered and continues to suffer economic losses, mental anguish, pain and suffering, and other nonpecuniary losses.

55. Defendant has engaged in discriminatory practices with malice and reckless indifference to Mrs. Allen's federally protected rights, thereby entitling Plaintiff to punitive damages.

56. Mrs. Allen is entitled to recover her reasonable attorneys' fees and costs.

## COUNT III – NEGLIGENT RETENTION

57. Mrs. Allen hereby realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

58. Defendant had an affirmative duty to protect Mrs. Allen from employees who posed a threat to her safety.

59. Defendant also owed a legal duty of care to maintain a safe environment for its employees free of sexual harassment.

60. Defendant had actual knowledge of Drake's severe misconduct, but failed to take proper action against him before he caused Mrs. Allen harm.

61. As a direct and proximate result of Defendant's failure to terminate Drake, he was allowed to continue working within close proximity of Defendant's female employees, including Mrs. Allen, and to assault, sexually harass and intimidate her.

62. Drake did, indeed, engage in assault, battery, sexual harassment and other tortious behavior against Mrs. Allen.

63. As a result of Defendant's negligence, Mrs. Allen has suffered and will continue to suffer harm, including, but not limited to, humiliation, embarrassment, reputational harm, emotional and physical distress, mental anguish, and other economic and non-economic damages.

64. Mrs. Allen is entitled to and seeks all legal and equitable remedies available under the law, including compensatory damages, punitive damages, and other appropriate relief, in an amount to be determined by a jury.

## COUNT IV – NEGLIGENT SUPERVISION

65. Mrs. Allen hereby realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

66. Defendant had a duty to adequately supervise its employees, including Drake, and it has repeatedly failed to do so.

67. Defendant had actual knowledge of Drake's severe misconduct, but failed to take proper action against him before he caused Mrs. Allen harm.

68. Despite having actual knowledge of Drake's severe misconduct, Defendant did nothing to ensure that Drake did not engage in tortious conduct against Mrs. Allen.

69. As a direct and proximate result of Defendant's negligent supervision of Drake, he was allowed to initiate unwanted physical contact with Mrs. Allen and to harass her.

70. As a result of Defendant's negligence, Mrs. Allen has suffered and will continue to suffer harm, including but not limited to humiliation, embarrassment, reputational harm, emotional and physical distress, mental anguish, and other economic damages and non-economic damages.

71. Mrs. Allen is entitled to and seeks all legal and equitable remedies available under the law, including compensatory damages, punitive damages, and other appropriate relief, in an amount to be determined by a jury.

## COUNT V – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

72. Mrs. Allen hereby realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

73. Defendant was under a duty to use ordinary care to protect Mrs. Allen from injury.

74. Defendant was negligent in that it:

   (a) failed to exercise ordinary care to protect others, specifically Mrs. Allen, from harm;

   (b) knew or should have known that Drake's conduct was likely to cause harm to others, specifically Mrs. Allen;

   (c) did not adequately discipline, train or otherwise stop Drake's conduct;

   (d) permitted Drake's conduct to continue unabated; and

9

(e) effectively ratified the behavior of Drake.

75. Due to this conduct, Mrs. Allen has suffered severe emotional distress.

76. As a direct and proximate result of Defendant's negligence, Mrs. Allen has suffered and continues to suffer severe emotional distress, including anxiety, embarrassment, suffering, inconvenience, mental anguish, and loss of enjoyment of life, as well as medical expenses and other nonpecuniary losses.

77. Mrs. Allen is entitled to recover all damages available under the law, including compensatory and economic damages in an amount to be determined by a jury.

78. Due to the severity of Defendant's misconduct, Mrs. Allen is also entitled to punitive damages in an amount to be determined by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff KRISTY ALLEN requests that this Court enter judgment in her favor and against Defendant AAA Car Care Centers, LLC, and further:

(a) Award Mrs. Allen compensatory damages to be determined by a jury, plus demonstrated past and future pecuniary damages on each of the above-stated counts;

(b) Award Mrs. Allen punitive and exemplary damages, in an amount to be determined by a jury, on each of the above-stated counts;

(c) Award Mrs. Allen litigation costs and expenses, including, but not limited to, reasonable attorneys' fees; and

(d) Award Mrs. Allen such other and further relief as may be appropriate.

## JURY DEMAND

Plaintiff KRISTY ALLEN hereby demands a trial by jury with respect to each claim in this Complaint.

Respectfully submitted, this the 20th day of September, 2021.

BY: /s/ Joseph D. Budd
JOSEPH D. BUDD
N.C. Bar No. 44263
OSBORN GAMBALE BECKLEY & BUDD PLLC
721 W. Morgan Street
Raleigh, North Carolina 27603
joe@counselcarolina.com
T: 919.373.6422
F: 919.578.3733